ELTHA JORDAN
244 FIFTH AVE, # 2992
NY NY 10001

917-740-9757

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2018 JUL 24 P 3: 10

## UNITED STATES DISTRICT COURT

_____ DISTRICT OF _____

## NEW JERSEY

STATE OF NEW JERSEY                    )    Case No.
                                       )
                                       )    **NOTICE OF REMOVAL OF ACTION UNDER 28**
                                       )    **U.S.C. 28 U.S.C. §**
vs.                                    )    **1443, 1455 and 1446 et seq.**
                                       )
ELTHA JORDAN                           )    ORDER TO SHOW CAUSE FOR LEAVE TO FILE
                                       )    PAST 30 DAYS
        Defendant.                     )
                                       )
                                       )
                                       )
                                       )
                                       )
                                       )
_____)

TO THE CLERK OF THE ABOVE-ENTITLED COURT:


PLEASE TAKE NOTICE that defendant ELTHA JORDAN hereby removes to this Court the

state court action described below.


# INTRODUCTION

1.    Englewood PD officer JORDAN MIGLIORE issued 2018 000257; COMPLAINT

– WARRANT # 18-000840 against Eltha Jordan charging 2C:18-3A, 2C:29-1A

and 53:1-15, **Exhibit A.**

2.    On June 21, 2018, Presiding Judge Anthony Gallina directed or otherwise

sanctioned his Court employee or similar to create a forgery Jordan's signature on

1

NOTICE TO DEFENDANT – INDICTABLE OFFENSE which is also endorsed by Judge Gallina after the forged signature, **Exhibit B**.

3. Englewood Municipal Court has absolutely no diversity compliance in addition to the fact that Judge Adams and her staff regularly engage in overt acts of racial bias such as harassment and making false complaints against Rudolph Rosenberg, a Caucasian male.

4. Even though Eltha Jordan receives Disability SSI of $510.00 per month, Judge Adams ordered Eltha to pay 100 towards her appointed lawyers application fee, which is further evidence of Adams' racial bias being expressed through her abuse of judicial office through the imposition of a fee calculated to be punitive.

5. At the time of issuance, Englewood Municipal Court Judge Adams was fully cognizant of the perjury by the Englewood PD officers, but ignore the same so as to express her racial bias against Eltha Jordan due to her association with Rudolph Rosenberg, a Caucasian male.

6. Englewood PD officers JORDAN MIGLIORE and ONE other Caucasian officers forcibly entered Eltha Jordan's Englewood residence at approximately midnight on June 21, 2018 claiming that they were executing an eviction of Ms. Jordan that had actually been effected in the afternoon of June 20, 2018.

7. JORDAN MIGLIORE is a defendant into at least two current 42 USC 1983 et seq lawsuits currently in process before this Court and has a public reputation of a bigot against African Americans.

8. There was no such Court order is in existence directing the eviction of Eltha Jordan on June 20th or the 21st.

2

9.   By New Jersey law, New Jersey Police cannot execute an eviction.

10.  The arresting officers are Caucasian, but have reputations racist against Blacks.

11.  Eltha Jordan was taken to Englewood PD HQ around 12:30 am on June 21st.

12.  The police then racially harassed and threatened by officers over her ties to Rudolph Rosenberg, a Caucasian male.

13.  An example of the racist abuse by the Englewood PD racist abuse is the fact that the police sought out Judge Adams, at 11 AM on June 21st, to issue the Complaint-Warrant so as to remand Eltha Jordan to Bergen County Jail.

14.  Eltha Jordan was placed in Bergen County at or about 4 AM on June 21, 2018 absent the issuance of a Complaint – Warrant by a court.

15.  Eltha Jordan was not released from Bergen County Jail, until only after intervention by family members that finally resulted in her release at 5 PM on June 21, 2018.

16.  Presiding Judge Gallina directing forgery of court records is racially motivated against Eltha Jordan.

17.  Eltha Jordan is "BLACK", has a cognitive disability, and is entitled to ADA rights, but Gallina's racially subversive sanctioning the forgery is evidence of his intent to prevent a minority her equal access et seq constitutional rights.

18.  Englewood Municipal Court Judge Lesley Adams was aware that Eltha Jordan is Rudolph Rosenberg's sister-in-law.

19.  Englewood Municipal Court Judge Lesley Adams knowingly issued complaint # against Eltha Jordan as part of Adams involvement in a racially motivated conspiracy against Rudolph Rosenberg and family members.

3

20.   Englewood Municipal Court Judge Lesley Adams is involved in a racist conspiracy against Eltha Jordan to punish her for her familial ties to a Caucasian man, Rudolph Rosenberg.

21.   Englewood Municipal Court Judge Lesley Adams further discriminated against Eltha Jordan, as part of her racist agenda, by abusing Eltha Jordan's ADA, Civil Rights and other Federal Rights during the July 11, 2018 arraignment hearing.

## UNLAWFUL / DEFECTIVE ARRAIGNMENT

22.   Englewood Municipal Court Judge Lesley Adams and Presiding Judge Anthony Gallina are engaged in a racially motivated conspiracy to deprive Eltha Jordan's Federal Rights including Civil Rights to seek public accommodation through the Housing Court and other government offices.

23.   The judiciary and the police racially motivate the prosecution against Eltha Jordan, a West Indian.

24.   They seek to deprive her of legal status that is superior to her Jewish co-tenant, Alfred Bornemann, in relation to a Housing Court dispute between them in addition to Adams' personal racial bias of Eltha Jordan's familial ties to Rudolph Rosenberg, a Caucasian male.

25.   The New Jersey State Judiciary policy is that indigent defendants have the right to representation of duty counsel at arraignment, which is denied to Jordan.

26.   Judge Adams systematically complies with **R. 7:6-1, R. 7:3-2(a) and Rule 3:4-2(c)** when dealing with minority defendants, but deliberately failed to comply

4

with these rules due to her racial bias in dealing with Defendant Jordan on July 11, 2018.

27. Defendant Jordan has not been lawfully arraigned in the underlying prosecution and this negligence is in violation of Court Rule 7:6-1. Arraignment and R. 7:3-2(a), therefore 28 U.S. Code § 1455 (b) (1) is satisfied.

28. Jordan has not been served with the complaint or summons prior to, on or after the January 24, 2018 arraignment hearing, especially at the arraignment hearing on January 24, 2018 in violation of Court Rule 7:6-1. Arraignment,

> 7:6-1. Arraignment
>
> (a) Conduct of Arraignment. Except as otherwise provided by paragraph (b) of this rule, the arraignment shall be conducted in open court and shall consist of reading the complaint to the defendant or stating to the defendant the substance of the charge and calling upon the defendant, after being given a copy of the complaint, to plead thereto. The defendant may waive the reading of the complaint.

29. The Englewood Municipal Court deliberately denied Jordan counsel representation at the arraignment hearing and the right to remain silent, See STATE OF NEW JERSEY v. MARK DIAMANTE Date: April 27, 2006 Docket Number: a4097-04

30. The arraignment court has another statutory obligation, "thee defendant shall be specifically asked whether legal representation is desired and defendant's response shall be recorded on the complaint.

31. The arraignment court unlawfully arraigned unrepresented Jordan in violation of Rule 7:6-1 , "**If the defendant is represented at the first appearance or then affirmatively states the intention to proceed without counsel, the court may,**

5

**in its discretion, immediately arraign the defendant pursuant to R. 7:6-1. [R. 7:3-2(a) (emphasis added).] Rule 3:4-2(c) contains a similar notice requirement."**

> 7:3-2. Hearing on First Appearance; Right to Counsel
>
> (a) Hearing on First Appearance. At the defendant's first appearance, the judge shall inform the defendant of the charges and shall furnish the defendant with a copy of the complaint or copy of the electronic ATS/ACS record of the complaint, if not previously provided to the defendant. The judge shall also inform the defendant of the range of penal consequences for each offense charged, the right to remain silent and that any statement made may be used against the defendant. The judge shall inform the defendant of the right to retain counsel or, if indigent, to have counsel assigned pursuant to paragraph (b) of this rule. The defendant shall be specifically asked whether legal representation is desired and defendant's response shall be recorded on the complaint. **If the defendant is represented at the first appearance or then affirmatively states the intention to proceed without counsel, the court may, in its discretion, immediately arraign the defendant pursuant to R. 7:6-1.**

32. Due to the fact that Jordan has not been lawfully arraigned in the underlying prosecution, therefore the 30 day period has not lapsed.

### RACIALLY MOTIVATED RICO CONSPIRACY

33. Defendant Jordan asserts that law enforcement and judicial officials, inclusive of Municipal Court Judge Lesley Adams and Presiding Judge Anthony Gallina and others, are involved in what amounts to being a racially motivated RICO CRIMINAL AND CIVIL CONSPIRACY to fix a trial against Defendant Rosenberg.

6

34. Eltha Jordan had received from Bergen County Housing Court an order permitting her to remain past June 22nd whereas her Jewish co-tenant Alfred Bornemann was to be evicted in the AM on June 22nd.

35. In the evening of June 20th, Englewood officers called Bornemann and requested that he assist them in a scheme to unlawfully arrest Rudolph Rosenberg, Jacqueline Jordan and her sister Eltha Jordan.

36. Englewood PD advised Bornemann that they wanted to achieve goals being,

   a. Arrest Rosenberg on felonies to prejudice his trial brought by Charles Silva to be heard in the afternoon of June 21, 2018 to guarantee his conviction and deportation;

   b. Arrest Jacqueline Jordan and Eltha Jordan on felonies to punish Rosenberg and undermine any ability and resource to reverse the fraudulent arrest of that evening;

37. Racially motivated, Englewood PD fabricated Eltha Jordan's name to be "Juliet Jordan" on June 21, 2018.

38. Englewood PD P.O. JORDAN MIGLIORE threatened Eltha Jordan with Bad Acts, during custody at Englewood PD HQ in early hours of June 21st, and that she must sign a confession in the name of Juliet Jordan using racialized language.

39. Other officers racially taunted Eltha Jordan during her custody at Englewood PD HQ.

40. There may be other grounds existing. but not known to Defendant Jordan due to her vulnerable state of being unrepresented by effective counsel and also the possibility of information concealed by the named actors or their agents, staff, etc.

7

41. Defendant Jordan does not possess the full record as required by 28 U.S.C. § 1455 (a) due to the fact that such records are being unlawfully withheld from Defendant Rosenberg by the trial court and prior assigned counsel in addition to the fact that prior records given to Defendant Rosenberg have been previously stolen and/or misappropriated by third parties.

# ARGUMENT

42. Under these circumstances, facts and law presented herein, the District Court can make a "clear prediction" that Eltha Jordan would be unable to enforce his federal civil rights in the course of the state court prosecution.

43. The Englewood Police Department, Municipal Court Judge Adams and Superior Court Presiding Judge Gallina demonstrate a pattern of racial bias against Eltha Jordan.

44. Their racially based conspiracy seeks to unlawfully deprive her of her constitutional rights provides this Court with a record to make a "clear prediction" that would be unable to enforce his federal civil rights in the course of the state court prosecution.

45. Defendant Jordan is immunized from the underlying prosecution as the defendants were in Georgia v. Rachel, 384 U.S. 780 (1966).

46. This immunization is tied to the unique language and meaning of § 203 of the Act bars any "attempt to punish" any person for peaceably seeking service in a place of public accommodation.

8

47.  Whereas Jordan was peaceably at her residence relying upon the Court order permitting her presence beyond June 22nd, when the police forced their entry and fabricated that she was a trespasser entirely motivated by the racial bias of the police.

48.  The only eviction order was against her Jewish co-resident Alfred Bornemann that ordered his eviction in the AM of June 22nd.

49.  The police entered the residence and arrested Eltha Jordan, but left her Jewish co-resident, Alfred Bornemann, untouched which unconstitutional racial abuse runs akin to Georgia v. Rachel, 384 U.S. 780 (1966).

50.  Eltha Jordan attempted to protest the blatant racial bias and unlawfulness of the police action while they were still at the residence on June 21, 2018, but the police only escalated their oral and physical abuse.

51.  The Court in Younger v. Harris, 401 U.S. 37 (1971) held "Federal courts will not enjoin pending state criminal prosecutions except under extraordinary circumstances where the danger of irreparable loss is both great and immediate in that (unlike the situation affecting Harris) there is a threat to the plaintiff's federally protected rights that cannot be eliminated by his defense against a single prosecution."

52.  Defendant Jordan's underlying case fits the exception of irreparable harm that cannot be "eliminated by his defense against a single prosecution."

53.  The Court in Dombrowski v. Pfister, 380 U.S. 479 (1965) held, "The mere possibility of erroneous initial application of constitutional standards by a state court will not ordinarily constitute irreparable injury warranting federal

9

interference with a good faith prosecution and the adjudication during its course of constitutional defenses."

54. The Court in Dombrowski v. Pfister, 380 U.S. 479 (1965) held, "equitable relief will be granted to prevent a substantial loss or impairment of freedoms of expression resulting from prosecution under an excessively broad statute regulating expression."

(a) Defense of a criminal prosecution will not generally assure ample vindication of First Amendment rights. Baggett v. Bullitt, 377 U. S. 360, followed. Pp. 380 U. S. 485-486.

(b) A chilling effect upon First Amendment rights might result from such prosecution regardless of its prospects of success or failure, as is indicated by appellants' representations of the actions taken under the statutes. Pp. 380 U. S. 487-489.

55. "The civil rights removal statute in § 1443 provides for the removal of state court actions under narrow circumstances where equal civil rights are denied and not recognized. Specifically, under § 1443(1), the defendant in a civil or criminal state court action may remove the case to federal district court where the defendant "is denied or cannot enforce" in state court "a right under any law providing for . equal civil rights." 28 U.S.C. § 1443(1)." See State of Alabama v. Steven Thomason, No. 16-13982 (11th Cir. 2017).

56. Both Presiding Judge Gallina and Municipal Court Judge Adams overtly, covertly and unlawfully violate Eltha Jordan's trial rights under 42 U.S.C. §1981(a) and 42 U.S. Code § 1985 (1), (2), (3) and 1986 et seq. by denying Jordan equal rights to "give evidence, and to the full and equal benefit of all laws and proceedings."

10

57. Gallina and Adams, amongst other State actors, manipulate the trial and other judicial processes to promote perjury and other frauds upon the Court with the intent of furthering discriminatory abuses to be visited upon Jordan.

58. The discriminatory abuses by both Gallina and Adams will continue to obstruct Jordan's ability "to raise any due process claims she may have in either the state court action or a separate action in federal court." Alabama v. Conley, 245 F.3d 1292, 1298-99 (11th Cir. 2001).

59. The criminal statute under which P.O. Silva charged Defendant is unconstitutionally vague, overbroad, and racially discriminatory and is not a "facially neutral law of general applicability." See State of Alabama v. Steven Thomason, No. 16-13982 (11th Cir. 2017).

60. Englewood PD arrested Eltha Jordan in her residence on or about June 20th when there was not an effective eviction order against her, but the police did not touch her Jewish co-resident, Alfred Bornemann; who the police knew, at that time, had an active warrant of eviction against him.

61. Englewood PD deliberately employed the vagueness of the law to unlawfully deprive Eltha Jordan's constitutional rights based upon her race as a "Black" woman.

62. Jordan's rights are being irreparably obstructed by State actors, including judicial officials, from enforcing her rights, ("[T]he vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the

11

defendant to trial in the state court." See STATE OF INDIANA v. DANIEL BEGLY United States District Court, N.D. Indiana, South Bend Division.

63. "In Rachel, the Supreme Court did recognize that, even where the state law at issue is facially neutral, § 1443(1) removal may occur if the defendant has shown that 'the very act of bringing the state court proceedings will constitute a denial of the [equal civil] rights conferred by the federal statute. Civil Rights Act of 1964 prohibits state criminal trespass prosecutions based on the defendant's choice to remain in a place of public accommodation after the owner or operator asked the defendant to leave because of his race. 379 U.S. 306, 311, 85 S. Ct. 384, 389 (1964).....although the Georgia criminal trespass statute was facially neutral, the state of Georgia's very act of bringing the criminal trespass actions resulted in denial of the defendants' equal civil rights. Rachel, 384 U.S. at 804, 86 S. Ct. at 1796-97. In light of Hamm, the federal removal court in Rachel could predict readily that the state's criminal trespass prosecutions were denying the defendants their equal civil rights. Id. at 805, 86 S. Ct. at 1797. See Conley, 245 F.3d at 1296." See State of Alabama v. Steven Thomason, No. 16-13982 (11th Cir. 2017).

64. In the instant case, P.O. Jordan Migliore charged 2C:18-3 Defiant Trespass, 2C:29-1 Obstructing Administration of Law and Title 53 - STATE POLICE Section 53:1-15 - Fingerprinting of suspects and then proceeded to force Eltha Jordan to be fingerprinted under a name "Juliet Jordan" that P.O. Jordan Migliore knew was a name fabricated by Englewood PD.

12

# SUMMARY RELIEF

65.    Defendant Jordan also requests that this Court appoint defense counsel to argue this application and further representation before this Court.

66.    Defendant Jordan requests that the United States district court order the summary remand of such prosecution to avoid any further irreparable harm caused by the State actors's corruption, animus et seq.

**Eltha Jordan requests immediate relief as described herein and any other permitted relief by this Court through District Court intervention.**

Eltha Jordan certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

*Eltha Jordan*                  7/20/18.

ELTHA JORDAN

sacredambivalence@hotmail.com
244 FIFTH AVE., # 2992
NY 10001
917-740-9757

13

# COMPLAINT - WARRANT

| COMPLAINT NUMBER | | | | *THE STATE OF NEW JERSEY* |
|---|---|---|---|---|

| 0215 | W | 2018 | 000257 |
|---|---|---|---|
| COURT CODE | PREFIX | YEAR | SEQUENCE NO. |

*VS.*

**JULIET JORDAN**

ENGLEWOOD CITY MUNICIPAL COURT
73 SO VAN BRUNT ST
ENGLEWOOD          NJ  07631-0000
201-569-0255    COUNTY OF: BERGEN

ADDRESS:
151 ENGLE STREET
APT. C-5
ENGLEWOOD          NJ  07631-0000

| # of CHARGES 3 | CO-DEFTS | POLICE CASE #: 18-000840 |
|---|---|---|

DEFENDANT INFORMATION
SEX: F  EYE COLOR: BROWN    DOB:
DRIVER'S LIC. #.                              DL STATE:
SOCIAL SECURITY #:                  SBI #:
TELEPHONE #:                          ( )
LIVESCAN PCN #:

COMPLAINANT
NAME:     P.O     MIGLIORE

By certification or on oath, the complainant says that to the best of his/her knowledge, information and belief the named defendant on or about 06/20/2018 in      ENGLEWOOD CITY      ,    BERGEN    County, NJ did:
WITHIN THE JURISDICTION OF THIS COURT, ENTER IN A STRUCTURE OR DWELLING, OF ALFRED BORNEMAN AT 151 ENGLE STREET, APT. C-5 KNOWING THAT SHE WAS NOT LICENSED OR PRIVILEGED TO DO SO, SPECIFICALLY BY REFUSING TO VACATE THE PREMISES UPON BEING SERVED BY OFFICER MICHAEL GUERRA WITH A WARRANT OF REMOVAL ISSUED BY THE BERGEN COUNTY SUPERIOR COURT LANDLORD/TENANT SECTION DOCKET #:BER LT-002157-18 AND SIGNED BY JUDGE JOSEPH ROSA JR. J.S.C.
IN VIOLATION OF N.J.S. 2C:18-3A          (A FOURTH DEGREE OFFENSE)

WITHIN THE JURISDICTION OF THIS COURT, PURPOSELY OBSTRUCT, IMPAIR, OR PERVERT THE ADMINISTRATION OF LAW OR A GOVERNMENTAL FUNCTION BY MEANS OF AN INDEPENDENTLY UNLAWFUL ACT, SPECIFICALLY BY PREVENTING PATROL OFFICERS FROM CONDUCTING A CRIMINAL INVESTIGATION BY REFUSING TO ALLOW THEM ACCESS TO THE RESIDENCE THEN REFUSING TO PROVIDE ANY IDENTIFICATION TO SAME OFFICERS.
IN VIOLATION OF N.J.S. 2C:29-1A          (A FOURTH DEGREE OFFENSE)

**in violation of:**

| Original Charge | 1) 2C:18-3A | 2) 2C:29-1A | 3) 53:1-15 |
|---|---|---|---|
| Amended Charge | | | |

CERTIFICATION: I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Signed: _____ P.O  MIGLIORE _____    Date: 06/21/2018

You will be notified of your Central First Appearance/CJP date to be held at the Superior Court    in the county of **BERGEN**
at the following address: BERGEN SUPERIOR COURT
JUSTICE CENTER                10 MAIN STREET              HACKENSACK        NJ 07601-0000
Date of Arrest: 06/21/2018    Appearance Date:          Time:          Phone: 201-527-2400

### PROBABLE CAUSE DETERMINATION AND ISSUANCE OF WARRANT

☐ Probable cause **IS NOT** found for the issuance of this complaint.

_____ _____    _____ _____
Signature of Court Administrator or Deputy Court Administrator    Date    Signature of Judge    Date

☑ Probable cause **IS** found for the issuance of this complaint. **LESLEY   ADAMS JUDICIAL OFFICER**   06/21/2018
                                              Signature and Title of Judicial Officer Issuing Warrant    Date
**TO ANY PEACE OFFICER OR OTHER AUTHORIZED PERSON: PURSUANT TO THIS WARRANT YOU ARE HEREBY COMMANDED TO ARREST THE NAMED DEFENDANT AND BRING THAT PERSON FORTHWITH BEFORE THE COURT TO ANSWER THE COMPLAINT.**

Bail Amount Set: _____ by: _____
                                              (if different from judicial officer that issued warrant)

| ☑ **Domestic Violence – Confidential** | ☐ **Related Traffic Tickets or Other Complaints** | ☐ **Serious Personal Injury/ Death Involved** |
|---|---|---|

**Special conditions of release:**
☐  **No phone, mail or other personal contact w/victim**
☐  **No possession firearms/weapons**
☐  **Other** (specify):

**COMPLAINT - WARRANT (DEFENDANT'S COPY)**

**Page 3 of 7**                    NJ/CDR2 1/1/2017

# COMPLAINT - WARRANT

| COMPLAINT NUMBER | | | | STATE V. |
|---|---|---|---|---|
| **0215** | **W** | **2018** | **000257** | |
| COURT CODE | PREFIX | YEAR | SEQUENCE NO. | JULIET   JORDAN |

WITHIN THE JURISDICTION OF THIS COURT, PURPOSELY AND KNOWINGLY REFUSE TO SUBMIT
TO IDENTIFICATION PROCEDURES AT THE TIME OF HER ARREST, SPECIFICALLY BY REFUSING
TO BE FINGERPRINTED AS REQUIRED BY LAW.
IN VIOLATION OF N.J.S. 53:1-15      (A DISORDERLY PERSONS OFFENSE)

| Original Charge | | | |
|---|---|---|---|
| Amended Charge | | | |

**COMPLAINT - WARRANT (DEFENDANT'S COPY)**

**Page 3 of 7**                    NJ/CDR2 1/1/2017

## NOTICE T :I DEFENDANT –INDICTABLE OFFENSE
### CENT IAL JUDICIAL PROCESSING (C.J.P.)

You are charged with an indictable offens( under the laws of the State of New Jersey. You are before the Court now to be advised of your rights and responsib ities as a result of this charge.

**CHARGES & PENALTIES:** If you plead guilt ı or are found guilty after a trial, you may be subject to a jail sentence and substantial fines.

**RIGHT TO REMAIN SILENT:** You have the ı ght to remain silent. If you decide to speak and give up the right, anything you say may be used against you in court.

**RIGHT TO AN ATTORNEY:** You are entit ıd to be represented by an attorney on the charge(s) against you. For today's court appearance, you will be rep ısented by the Public Defender. If you were determined to be indigent, a Public Defender may represent you d ı ing your future court proceedings. If you intend to retain your own attorney, an Appearance of Counsel letter ı ıust be submitted to the CRIMINAL DIVISION MANAGER'S OFFICE, Bergen County Justice Center, 10 Main Street, Ro m 124, Hackensack, NJ 07601 **_prior_** to your next court appearance.

**RIGHT TO INDICTMENT AND TRIAL BY JU ⠅ Y:** You have the right to have a Grand Jury consider whether you should be indicted for the charge(s) pending aga ıst you. If you are indicted, you have the right to trial by jury. You may give up the right of indictment and trial b ı jury by entering a guilty plea. You are cautioned to speak to an attorney before deciding to do so.

**IMMIGRATION:** If you are not an Americ ı n citizen and if you plead guilty to or are convicted of certain criminal or motor vehicle offenses, it may result in yc . r being deported from the United States or it may prevent you from being readmitted to the United States if you lt ıve voluntarily or it may prevent you from ever becoming a naturalized American citizen. You have the right to sı ık individualized advice from an attorney about the effect your guilty plea will have on your immigration status.

**BAIL:** As a condition of your bail or rele: ɩe, (a) you must give a complete residence and mailing address at which you can be reached and, (b) you **_shall nol_** change your address unless you notify the SUPERIOR COURT OF NEW JERSEY, CRIMINAL DIVISION MANAGER'S OFFICE 10 Main Street, Room 124, Hackensack, NJ 07601 in writing at least 10 days before you move.

**PRETRIAL INTERVENTION:** A defendant ɩharged with an indictable offense may be eligible to apply for admission into the Pretrial Intervention Program (PT . The PTI program is designed so that if you are admitted, and successfully meet its requirements, the criminal char ɩe(s) will be dismissed. If you wish to have your case considered for PTI, please consult with the C.J.P. Court Offic ır following this court appearance. An application fee of $75 is required unless you qualify as indigent.

**DRUG COURT:** A defendant may also bı eligible to apply for the drug court program. Please see the C.J.P. Court Officer following this court appearance a ⠅ d speak with your attorney regarding making application.

**VETERAN'S ANNOUNCEMENT:** If you aı ɩ a Veteran, kindly be advised that there is a Veterans Assistance Project which may provide referrals to commur ʈy resources to address unique services required by Veterans, including services regarding housing, mental heal ɩɩ counseling, substance use and abuse treatment etc. The C.J.P. Court Officer can provide you with a brochure.

Defendant _Juliet Jordan_    X _Joseph_    Judge _Gallina_

           Print Name  -   Signature                            Signature

Date: _6/21/18_                                         Revision - 6.10.16