UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ELTHA JORDAN,

        PETITIONER,

V.

STATE OF NEW JERSEY,

        RESPONDENT.

CIV. NO. 18-12013 (KM)

**MEMORANDUM & ORDER**

### A. Appointment of counsel

Eltha Jordan, appearing in forma pauperis and pro se, has filed a letter application, her third, for appointment of counsel. (DE 17) I have denied appointment of counsel, citing the appropriate factors (DE 12), and denied a motion for reconsideration of that order (DE 15). Ms. Jordan objects to my prior orders and for the most part reasserts arguments that previously were made or could have been made. There is no established right to counsel merely upon the filing of a notice of removal (although there may be in a criminal case, should it go forward). It is true that the prior orders were without prejudice to a reapplication in light of developments in the case, but there have been no developments. Service was only recently accomplished, and the State has not yet responded. For clarity, I here quote the language of my immediately prior decision on the motion for reconsideration:

> Before the court is a notice of removal, citing both criminal and civil removal provisions, 28 U.S.C. §§ 1443, 1446, 1455. She

says that the criminal case must be removed to this court, because there is a conspiracy among state law enforcement and court personnel to fix the result of her criminal case, for racial and other reasons.

My order was entered without prejudice to renewal in light of later developments, but the plaintiff does not point to anything that has occurred in the interim that would affect the order. Nor does the point to any change in the law, new evidence, or clear error that would justify reconsideration. *See* D.N.J. Loc. Civ. R. 7.1(i); *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

My order cited the standards of *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). I applied those standards by analogy because the case, thus far, consists of a petition under a civil docket number to remove a state criminal action. As of now, the criminal case is still authorized to proceed in state municipal court.

The applicable statute, 28 U.S.C. § 1455(b)(4), permits summary dismissal by the court in an appropriate case. In the interest of due process, however, I have required service of the notice of removal so that, if they wished, the State could file a response and Ms. Jordan could file a reply. Should removal and prosecution of the criminal case in this court be found appropriate, the issue of appointment of counsel would take on a different aspect.

(DE 15)

**Other Relief**

Ms. Jordan also requests a number of other forms of relief, including communication by certified mail, filing of a certified copy of the state court record, discovery, trial by jury, and delivery of the full court record to her hotmail address.

It has not yet been established, however, that Ms. Jordan's state criminal case is properly in this Court. If it is determined that removal was proper, and the case goes forward here, Ms. Jordan will receive all of the relief and

2

procedural protections due to a criminal defendant. If not, then she must seek her remedies in state court.

## ORDER

IT IS THEREFORE this 25th day of June, 2019

ORDERED that the letter motion (DE 17) for appointment of counsel and other relief is DENIED.

_____
KEVIN MCNULTY
United States District Judge