UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELTHA JORDAN,<br><br>               Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY,<br><br>               Defendant. | Civ. No. 18-12013 (KM/MAH)<br><br>OPINION |

Eltha Jordan is the defendant in a municipal court case in Englewood, New Jersey. Complaint-Warrant # 0215 W 2018 00257. She is charged with defiant trespass, in that she refused to vacate premises upon service with a warrant of removal, N.J.S.A § 2C:18-3A; obstruction of a governmental function, in that she refused to provide access to the premises and then refused to provide identification, N.J.S.A. § 2C:29-1A; and refusal to submit to identification procedures, *i.e.*, fingerprinting, at the time of arrest, N.J.S.A. § 53:1-15. (DE 1 at 15–16).

On July 24, 2018, she filed a notice of removal of her municipal court criminal case to federal court under a little-used statute:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . .

28 U.S.C. § 1443(1).

By contrast with the more familiar notice of removal in a civil case, which is self-executing, a § 1443 notice of removal does not automatically deprive the

state court of jurisdiction and lodge it in the federal court. Indeed, "[t]he filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded." 28 U.S.C. § 1455(b)(3).

This Notice was filed using the caption of the state criminal case, but the clerk has properly docketed the matter under a civil number, because it is in substance a petition for removal. Only if the petition is granted will this matter be filed in federal court as a criminal case. Accordingly, in an earlier order, I realigned the parties, deeming Ms. Jordan to be the petitioner and the State to be the respondent. (DE 4) The State has filed a response in the form of a motion to dismiss the notice of removal. (DE 22). Ms. Jordan has filed a response in the form of a "Motion to Strike" (DE 23)

**Notice of Removal**

Ms. Jordan's Notice of Removal is lengthy, but its major contentions may be summarized as follows.

Judge Gallina of the municipal court caused her signature to be forged. The municipal court has no diversity compliance and has harassed Ms. Jordan's brother-in-law, Mr. Rosenberg, on a racial basis.

Police officers forcibly entered Ms. Jordan's residence to effect an eviction without legal basis in that there was no such order. A Jewish co-resident was not arrested. The officers, including Jordan Migliore, have a public reputation of bigotry against African Americans. They racially harassed Ms. Jordan over her association with Rosenberg. The state proceedings are part of a racist conspiracy against Rudolph Rosenberg and family members.

Ms. Jordan was purposely held at Bergen County Jail for a prolonged period. Ms. Jordan is racially African-American, has a cognitive disability, and is entitled to ADA rights.

Judge Adams discriminated against Ms. Jordan and abused her ADA and federal civil rights.

Ms. Jordan's arraignment was procedurally defective in that she was not provided with the complaint in advance. She was denied counsel. Judge Adams of the municipal court unfairly required Ms. Jordan to pay a $100 fee in connection with appointment of counsel.

There is a racially motivated RICO conspiracy against Eltha Jordan, her sister Jacqueline, and Rudolph Rosenberg.

**Discussion**

Removals under § 1443(1) are rare. They require that stringent preconditions, amounting to a breakdown in equal protection safeguards in the state criminal justice system, be established. *See generally City of Greenwood v. Peacock,* 384 U.S. 808 (1966). In addition, the notice of removal must be filed no more than 30 days after the institution of the criminal action. That deadline may be extended if a showing of good cause is made. *See* 28 U.S.C. § 1455(b)(1).

### *Timeliness*

I first consider the timeliness of the Notice. Pursuant to 28 U.S.C. § 1455(b)(1), a notice of removal of a criminal prosecution

> shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

28 U.S.C. §1455(b)(1).

The criminal complaint-warrant is dated June 21, 2018. Ms. Jordan's notice of removal contains contradictory dates for her arraignment. At one point, she states it occurred on July 11, 2018 (DE 1 ¶ 26). If that date is correct, the notice of removal was timely filed within 30 days, on July 24, 2018.[1]

### *Substantive Grounds*

I next consider the substantive grounds for removal. Even assuming the Notice is timely, it does not state an adequate basis for removal.

To remove a case to district court under 28 U.S.C. 1443, a state court defendant "must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law 'providing for... equal civil rights' and (2) that he is denied or cannot enforce that right in the courts' of the state." *Davis v. Glanton*, 107 F.3d 1044, 1046 (3d Cir. 1997) (quoting *Georgia v. Rachel*, 384 U.S. 780, 788 (1966)).

The first prong must be "construed to mean any law providing for specific civil rights stated in terms of racial inequality." *Rachel*, 384 U.S. at 792. Thus, a claim for removal under §1443 claiming due process violations, violations of state law and procedure, or deprivation of rights under the ADA cannot support a valid claim for removal under §1443. *Id.* "[I]t is not enough," however, "to show that that defendant's federal equal civil rights have been illegally or corruptly denied by state administrative officials in advance of trial, that the charges are false, or that the defendant is unable to obtain a fair trial in a particular state court." *Peacock*, 284 U.S. at 827. Those claims I therefore disregard.

---

[1] I assume the correctness of that date. Two paragraphs later in the notice of removal, however, Ms. Jordan states that the arraignment occurred on January 24, 2018 (DE 1 ¶ 28). If that date were correct, then the notice of removal would not be timely. That date precedes the date of the Complaint-Warrant by five months, however, so it is unlikely to be correct.

Ms. Jordan also claims racial discrimination, however. She complains of her treatment by the police and the municipal court, and attributes all of her complaints to racial bias. These claims, however, are conclusory, not factual. She simply posits, without detail, that she was "abused" racially, or that the relevant actor has a public reputation for racism, or that she is being prosecuted because everyone involved has a vendetta against her based on her race and her association with Rosenberg.

Irrespective of the foregoing, however, I would deny removal based on the second prong. The second prong requires that the removal petitioner be *unable* to enforce such federal rights "in the courts of the state." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975); *Greenwood v. Peacock*, 384 U.S. 808, 827 (1966). Allegations that officers are biased or have corrupt motives are insufficient to demonstrate that the defendant cannot vindicate a specified federal right in the courts of the state. *See Peacock*, 384 U.S. at 827.

In *Greenwood v. Peacock*, defendants were charged criminally by the State and filed petitions to remove their case to federal court pursuant to 28 U.S.C § 1443. 384 U.S. at 811. Their prosecution, they asserted, was racially motivated in that they were arrested while attempting to register African-American voters in Mississippi in 1965. (*Id.* at 826.) The Supreme Court held that removal under 28 U.S.C. § 1443 was inappropriate, because, *inter alia*, there was no proof that the state trial court would find them guilty or that they were denied a specific federal right. Further, the Court held that there were various remedies available to the defendants if the state courts failed to provide defendant with a fair trial. *Id.* at 826.

The conditions here do not approach those found *not* adequate in *Peacock*. There, the defendants were involved in a civil-rights-era effort to register African-American voters, one to which the state authorities were known to be very hostile. Ms. Jordan can point to no similar facts here; she

merely posits racial bias, singling out her and her family for no particular reason.

As in *Peacock*, there is no sufficient showing of denial of a specific, equal-protection-based federal right *that cannot be enforced in the courts of the State of New Jersey*. There is no reason to believe, for example, that any errors in the municipal court proceeding, could not be corrected by the usual process of appeal in the courts of the State. Nor has this been shown to be one of "the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." 384 U.S. at 827. Even assuming that claims of bias with respect to the police or a particular municipal court judge are valid—which I do not—there is no proof or indication that the New Jersey court system is so corrupted that it is incapable of correcting such errors. Indeed, I am confident that if Ms. Jordan's descriptions are accurate—for example, that the police were executing an order of eviction that did not in fact exist—the courts would be prepared to deal with that.

Removal under 28 U.S.C. §1443 was not appropriate, and is therefore denied.

## CONCLUSION

For the reasons stated above, the motion to dismiss the petition and notice of removal (DE 22) is GRANTED. The petition for removal of the State criminal case, pursuant to 28 U.S.C. § 1443(1), is DENIED; and, pursuant to 28 U.S.C. § 1455(b)(4), the matter is and shall remain REMANDED to the Superior Court of New Jersey, Bergen County, Municipal Division (Englewood) An appropriate Order accompanies this Opinion.

KEVIN MCNULTY
United States District Judge